UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENINAH GOODWIN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-10-2985 |
| | § | |
| THE BAYTOWN HOUSING AUTHORITY, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court are Defendant Baytown Housing Authority's ("BHA") Motion to Dismiss and Motion for More Definite Statement (Doc. 5) and Second Motion to Dismiss and Motion for More Definite Statement (Doc. 13), as well as Plaintiffs Deninah Goodwin, Christenina Webb, Minor Son, and The Estate of Hattie Goodwin's Responses (Docs. 8, 15.) Upon review and consideration of these motions, the responses thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendant's motions to dismiss should be granted.

I. Background and Relevant Facts

This is a suit for relief under 42 U.S.C. § 1983 for damages resulting from eviction for nonpayment of rent. Goodwin's complaint arises out of an August 12, 2010 judgment in favor of Longhurst Investment Nassau Bay Village, entered by Judge Louie Ditta, Justice of the Peace for the Justice Court of Harris County, Texas, Precinct 9, Place 2, based on Goodwin's failure to pay rent. (Doc. 1-1 at 1.) Judge Ditta found that Longhurst Investment Nassau Bay Village was entitled to a writ of possession. (*Id.*) Goodwin seeks "actual, exemplary, and punitive damages, in excess of $2.5 million dollars." (Doc. 8 at 3.)

II. Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A lawsuit must be dismissed for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The party seeking to litigate in federal court bears the burden of establishing subject-matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

III. Discussion

The Constitution does not provide a "guarantee of access to dwellings of a particular quality, or any recognition of the right of a tenant to occupy real property of his landlord beyond the term of his lease without the payment of rent or otherwise contrary to the terms of the relevant agreement." *Lindsey v. Normet*, 405 U.S. 56, 74 (1972). Goodwin complains of being evicted for nonpayment of rent and seeks relief through 42 U.S.C. § 1983. (Docs. 1, 8, 23.) Because Goodwin was not deprived of her constitutionally protected rights when her private landlord evicted her for nonpayment of rent, this Court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Plaintiff has sued, in addition to the Baytown Houston Authority some 28 named and unnamed individuals and entities over whom, considering plaintiffs' allegations in this case, the Court also does not have subject matter jurisdiction. The Court must dismiss a case overwhich it has no subject matter jurisdiction at any time Rule 12(h)(3) of the Federal Rules of Civil Procedure.

IV. Conclusion

Accordingly, the Court hereby ORDERS that Defendant BHA's motions to dismiss (Docs. 5, 13) are GRANTED. The Court further

ORDERS that the case be DISMISSED.

SIGNED at Houston, Texas, this 31st day of January, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE